JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-0450 JGB (DTBx)** | Date | June 8, 2015 |
|---|---|---|---|
| Title | *In Re: 15837 Square Top Lane, Fontana CA 92336* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) REMANDING the Action to California Superior Court for the County of San Bernardino; (2) DENYING AS MOOT Claimant Seminoff's Motion for Order Releasing Deposited Funds (Doc. No. 21); and (3) VACATING the July 6, 2015 Hearing (IN CHAMBERS)**

Following a trustee's sale of the real property of Won Jang, a surplus of $42,755.21 remained. (Doc. No. 32 at 3.) The foreclosure trustee believed that there existed a dispute over those funds between Won Jang and the federal government, specifically the Internal Revenue Service ("IRS"). (Doc. No. 32 at 26.) Therefore, the trustee sought to deposit those funds with the California Superior Court for the County of San Bernardino. (Doc. No. 23.) On October 1, 2013, that court issued an Order to Deposit the Surplus Funds remaining after the foreclosure sale. (Doc. No. 26.) On March 6, 2014, upon a finding that no claims had been filed for the funds, the San Bernardino County Superior Court issued an order escheating the deposited funds.[1] (Doc. No. 29.)

After Won Jang appointed Claimant Wayne Seminoff ("Seminoff") as her agent for collection to recover the deposited funds and assigned to Seminoff her rights to the funds, (Doc. No. 30), Seminoff filed a motion with the San Bernardino County Superior Court, seeking a release of the funds, (Doc. No. 22 at 4). The United States of America, Internal Revenue Service removed the case to federal court on March 17, 2015, asserting that 28 U.S.C. § 1444 provided the basis for federal jurisdiction and removal. (Doc. No. 11.) The IRS subsequently determined that its lien was actually against the former owner of the real property that was sold in the trustee's sale; that owner had previously transferred full ownership to his spouse, Won Jang. (Doc. No. 32 at 42, 46.) Consequently, the United States disclaimed any right to the funds on

---

[1] The funds are not escheated for three years. See Cal. Gov't Code § 68084.1(a).

April 20, 2015.  (Doc. No. 17.)  On May 14, 2015, shortly after the scheduling conference, Seminoff filed a motion asking the Court for an order (i) requiring the San Bernardino County Superior Court to release the deposited funds, and (ii) vacating that court's order escheating the funds.  ("Motion," Doc. No. 21.)

On May 29, 2015, the Court issued an order to show cause why this action should not be remanded to California Superior Court for lack of jurisdiction.  ("OSC," Doc. No. 37.)  The Court explained that the federal government's disclaimer of any interest in the deposited funds appeared to eliminate the basis for federal jurisdiction.  (Id. at 2.)

Seminoff filed a response to the OSC on June 3, 2015.  ("Response," Doc. No. 38.)  Seminoff asserts that "remand is not mandatory" because the Court has discretion to retain jurisdiction even after a federal issue no longer exists.  (Response at 3-9 (citing Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 936-39 (9th Cir. 2003)).)  Moreover, Seminoff argues that the case should not be remanded because, at the scheduling conference, the Court suggested that the case might be resolved by moving the Court for relief.[2]  Seminoff's Response thus fails to either assert that a federal issue remains or provide sufficient reason why this Court should exercise its discretion to retain jurisdiction.

The United States removed this action from San Bernardino County Superior Court pursuant to 28 U.S.C. § 1444, which allows for the removal of actions that are brought against the United States under 28 U.S.C. § 2410.  Pursuant to 28 U.S.C. § 2410, the United States may be named a party in certain types of actions involving "real or personal property on which the United States has or claims a mortgage or other lien."  See 28 U.S.C. § 2410(a).  Because the United States has disclaimed all interest in the deposited funds at issue in this case, (Doc. No. 17), the basis for federal jurisdiction is no longer apparent.[3]

Federal courts have a duty to examine their jurisdiction sua sponte.  See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990); United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Court concludes that, for the reasons

---

[2] Despite the Court's suggestion at the scheduling conference that the case *might* be resolved by motion, the Court finds Seminoff's motion papers insufficient to demonstrate the propriety of awarding the requested relief; for example, Seminoff improperly asks this Court to vacate a California state court order.  The Court considers remand to be a more prudent approach to obtaining resolution of this case.

[3] Although federal jurisdiction may now be lacking, California courts appear to have jurisdiction to determine the disposition of funds and order their release under California Government Code § 410.50(b).  See Lord v. Superior Court, 27 Cal. 2d 855, 857, 858 (Cal. 1946).  Jurisdiction extends to subsequent proceedings on ancillary matters such as payments of funds and interest.  See Redevelopment Agency v. Goodman, 53 Cal. App. 3d 424, 429 (Cal. Ct. App. 1975).

stated above, federal jurisdiction appears to be lacking and therefore considers remand appropriate.[4]

Accordingly, on its own motion, the Court REMANDS the case to California Superior Court for the County of San Bernardino. The Court DENIES Seminoff's Motion AS MOOT, (Doc. No. 21), and VACATES the July 6, 2015 hearing.

**IT IS SO ORDERED.**

---

[4] Even if, as Seminoff asserts, the Court has discretion to retain jurisdiction, the Court declines to do so.